UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO SALCIDO,<br><br>               Plaintiff,<br><br>    v.<br><br>MOON, et al.,<br><br>               Defendants. | No. 1:23-cv-01606-NODJ-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED, WITHOUT PREJUDICE<br><br>(ECF No. 8) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971).

Currently before the Court is Plaintiff's motion for a preliminary injunction, filed December 28, 2023.

**I.**

**DISCUSSION**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and

1

can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22. An injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969); Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims ...."). In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, the Court has yet to screen Plaintiff's complaint and cannot find that he is likely to succeed on the merits of his claims or that he has demonstrated immediate threatened injury. Further, Plaintiff seeks a court order to provide him with specific medical treatment. However, the Court has not issued summons and ordered service of the complaint, and no Defendant has been served or appeared in this action. Accordingly, the Court does not have jurisdiction over any Defendant. Without jurisdiction over Defendant, the Court thus lacks the authority to issue injunctive relief against her.") (citations omitted); Smith v. Oreol, 2017 WL 11296962, *2 (C.D. Cal. 2017) ("Plaintiff's preliminary injunction is premature. Plaintiff has not yet filed a complaint that contains a cognizable claim for relief, and by extension, no defendants have been served with a summons and complaint. Therefore, the Court lacks jurisdiction over any of the individuals alleged to be involved in the harassment."). Accordingly, Plaintiff's motion for a preliminary injunction should be denied without prejudice.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

**days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 2, 2024**

UNITED STATES MAGISTRATE JUDGE